RECEIVED

JUN 3 0 2011 *aew*

JUN 30 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ERIC WATKINS, | ) |
| | ) Case No. 11 C 1880 |
| Plaintiff, | ) |
| | ) |
| | ) Honorable Charles P. Kocoras |
| | ) Judge Presiding |
| v. | ) |
| | ) |
| PARTHASARATHI GHOSH, M.D., | ) |
| LIPING ZHANG, M.D., | ) |
| EVARISTO AGUINALDO, M.D. | ) Plaintiff's First |
| LATONYA WILLIAMS, | ) Amended Complaint |
| TERRY L. MCCANN, | ) |
| FRANK SHAW, | ) |
| KEVIN HALLORAN, | ) Jury Trial |
| WEXFORD HEALTH SOURCES, INC., | ) Demanded |
| | ) |
| Defendants. | ) |

FILED
7/12/2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S FIRST AMENDED COMPLAINT

ERIC WATKINS, ("Plaintiff"), pro se, a prisoner presently confined at Stateville Correctional Center, files this first Amended Complaint under the Civil Rights Act, Title 42, Section 1983, against Doctor Ghosh, Doctor Zhang, Doctor Aguinaldo, Physician Assistant Williams, former Warden McCann, former acting Warden Shaw, CEO of Wexford Health Sources, Inc. Halloran, and Wexford Health Sources, Inc.; and states that:

1.) This is a civil action seeking injunctive relief and damages against defendants for committing acts contrary to law, which deprived Plaintiff of his rights guaranteed by the constitution and the Civil Rights Act, 42 U.S.C. 1983.

## PARTIES

2.) Plaintiff, Eric Watkins, a citizen of the United States of America, is presently confined at Stateville Correctional Center.

3.)  Defendant, Dr. Parthasarathi Ghosh, (hereinafter "Ghosh"), was at the time of all relevant actions, the medical director at Stateville and was responsible for the actions of the medical staff he supervised and the medical treatment of Plaintiff.  He was employed by Stateville, and denied and delayed Plaintiff adequate treatment for his condition.  Dr. Ghosh, was an employee of Wexford Health Sources, Inc. and is being sued in his individual/ official capacities.

4.)  Defendant, Dr. Liping Zhang, (hereinafter "Zhang"), was at the time of all relevant actions, a staff Physician at Stateville and was responsible for the treatment of inmates and the medical treat- ment of Plaintiff.  She was employed by Stateville, and denied and delayed Plaintiff adequate treatment for his condition.  Dr. Zhang, was an employee of Wexford Health Sources, Inc. and is being sued in her individual/official capacities.

5.)  Defendant, Dr. Evaristo Aquinaldo, (hereinafter "Aquinaldo"), was at the time of all relevant actions, a staff Physician at Stateville and was responsible for the treatment of inmates and the medical treatment of Plaintiff.  He is employed by Stateville, and denied and delayed, Plaintiff adequate treatment for his condition.  Dr. Aquinaldo, is an employee of Wexford Health Sources, Inc. and is being sued in his individual/official capacities.

6.)  Defendant, Latonya Williams, (hereinafter "Williams), was at the time and is at all relevant times, a Physician Assistant at Stateville and is responsible for medical treatment of inmates and the medical treatment of Plaintiff.  She is currently employed by Stateville and has denied and delayed Plaintiff adequate treatment for his condition.  She is currently an employee of Wexford Health

2.

7.) Defendant, Terry L. McCann, (hereinafter "McCann"), was at all relevant times, the Warden at Stateville and previously employed by the Illinois Department Of Corrections, through the State of Illinois and was responsible for the running of the institution and the health and safety of the Plaintiff. He is being sued in his individual/official capacities.

8.) Defendant, Frank Shaw, (hereinafter "Shaw"), was at all relevant times, an acting Warden here at Stateville, and previously employed by the Illinois Department Of Corrections, through the State of Illinois, and was responsible for the running of the institution and the health and safety of the Plaintiff. He is being sued in his individual/official capacities.

9.) Defendant, Kevin Halloran, (hereinafter "Halloran"), is at all relevant times, CEO of Wexford Health Sources, Inc., which is a provider of health care professionals and services to health care correctional facilities, including Stateville Correctional Center. He is being sued in his individual capacities.

10.) Defendant, Wexford Health Sources, Inc., (hereinafter "Wexford"), is a provider of health care professionals and services to health care correctional facilities, including Stateville Correctional Center. Wexford, is being sued in their individual capacity.

## JURISDICTION

11.) This action arises under 42 U.S.C. 1983 of the Civil Rights Act of the United States, for injunctive, compensatory, and punitive damages over which this Court has jurisdiction under 28 U.S.C. 1331 and 1367.

3.

12.) This Court has personal jurisdiction over all defendants. On information and belief, all defendants are domiciled, or conducting business within the State of Illinois.

## VENUE

13.) Venue, is proper in this District, pursuant to 28 U.S.C. 1391(b) and 1391(c), because all parts of the events or omissions giving rise to the claims herein, occurred within the Northern District of Illinois, and on information and belief that at least Ghosh, Zhang, Aquinaldo, Williams, McCann, and Shaw, were and are believed to be domiciled in the Northern District of Illinois, and defendants, Halloran and Wexford, conduct business in the Northern District of Illinois.

## STATEMENT OF FACTS

14.) Plaintiff, Eric Watkins, contends that the deprivation of medical care in this instance has always been the nucleus of his complaint, and that this matter has evolved into an on-going situation; beginning on or about February 16, 2006, up until the preparation of the aforegoing Complaint, and continues since through to the filing of this Amended Complaint.

15.) On or about February 16, 2006, while attending a scheduled recreation period for Plaintiff's housing unit in the gym, upon information and belief, Plaintiff was performing "standing curls" on the universal weight machine, and the cable on the universal weight machine snapped, causing the weights to descend to the floor with such great force that Plaintiff fell backwards to the floor while anxiously gripping the curl bar tightly in his hands to

4.

prevent the bar from injuring him.

16.) Upon information and belief, when Plaintiff fell to the floor, he felt a sharp excruciating pain from his upper to lower back. Immediately, Plaintiff requested medical attention, being that he was unable to stand erect.

17.) Plaintiff eventually was returned, limping back to his housing unit, without properly being examined and cared for by the Health Care Unit (hereinafter "HCU") personnel. To compound this matter, Plaintiff was ultimately challenged with having to walk up and down, approximately five (5) flights of stairs to get to and from his cell [C-1057] to 10 gallery in his housing unit, in such a painful condition.

18.) Upon information and belief, Plaintiff upon succumbing to his back injury, contacted Aquinaldo on two (2) separate occasions in the month of February 2006, explaining his dilemma and requesting Aquinaldo's medical assistance in this matter. The letters were individually placed into the medical sick-call box located in the housing unit; but those letters went unanswered.

19.) Upon information and belief, on March 11, 2006, Plaintiff prepared and forwarded another letter to Aquinaldo describing the pain that he was experiencing, extending from his lower back, down the back of his left thigh. [SEE ATTACHMENTS]

20.) During the month of March 2006, Plaintiff, Watkins prepared a letter to defendant, Ghosh; the medical director, requesting to see him after consulting with Aquinaldo during a sick call appointment in the housing unit, wherein Aquinaldo joked and

found Plaintiff's condition hilarious, not taking Plaintiff's ailment serious. Plaintiff explained to Ghosh that his back pain has grown worse. That the chronic pain gradually descends from his lower back, near the center of his spinal cord, down to his buttocks and down further to the back of his left thigh. [SEE ATTACHMENTS: attached hereto and made part of, solely for the purpose of verification is a hand-drawn diagram depicting an anatomy of a human body, and the area in which Plaintiff experienced and is experiencing excruciating pains. Plaintiff's pains radiate from the center of his lower back, and travel down his buttocks, down the back of his rear left thigh, constantly and in certian positions, and down to his left foot and toes frequently. This chronic lower back pain is sharp and numbing and pulsates down his lower back through his left leg.]

21.) Upon information and belief, the Plaintiff included in his description of his suffering to Ghosh, that the numbness in his toes on his left foot was causing Plaintiff to have a limited range of motion while attempting to walk or bending over; As well as climibing to get into the top bunk in his 10 gallery cell. To avoid having to endure such pain prior to trying to sleep peacefully; Plaintiff would refrain from having to go thrpugh the difficulties of having to climb intoothe top bunk and decide to sleep on the floor instead. This letter was hand delivered to Ghosh by Plaintiff's cellmate, Marvin Williford, who has an appointment at the HCU. Mr. Williford told Plaintiff that he handed the letter to Ghosh, who responded after reading it..."There's nothing wrong with[inmate Watkins] his back." Mr. Williford submitted a sworn affidavit regarding this matter. [SEE ATTACHMENTS]

22.) Upon information and belief, on March 14, 2006, Plaintiff prepared and filed his initial grievance requesting medical assistance and treatment for his injury. [SEE GRIEVANCE ATTACHED]

23.) Upon information and belief, Plaintiff wrote Ghosh another letter on April 6, 2006, attempting to obtain medical care in this matter; it was a futile act. [SEE ATTACHMENTS]

24.) After attempting unsuccessfully to obtain medical care from Aquinaldo and Ghosh; upon information and belief, Plaintiff prepared a typewritten letter to Kevin Halloran, C.E.O. of Wexford; the private health care provider at Stateville, to bring Aquinaldo and Ghosh's "turning a blind eye" to Plaintiff's medical problem to the attention of defendant, Halloran; but the letter went unanswered. Halloran's letter was forwarded to him on April 12, 2006. [SEE ATTACHMENTS]

25.) On June 12, 2006, approximately four months after the injury occurred, Plaintiff, Watkins was taken to the University of Illinois Medical Center for an appointment in the Radiology Department, to have a M.R.I. test. Plaintiff was given a M.R.I. test on his Lumbar Spine w/o contrast. The M.R.I. test was conducted and completed by radiologists, Dr. Ron Gaba M.D. and Dr. Masoud Hemmati M.D. Both doctors determined that Plaintiff has a lower lumbar, L5-S1 herniated disk, and degenerative disk disease, with Sacral Dysraphism. Defendant, Ghosh was immediately faxed the results detailing their findings, on the same day, June 12, 2006; specifically making Ghosh aware of Plaintiff's condition. [SEE ATTACHMENTS]

26.) After Plaintiff returned from the medical writ, Ghosh assured Plaintiff that if the results were negative, he would not contact him regarding it, and stated that he was going to prescribe him Ibuprofen for his pain.

27.) Upon information and belief, on July 15, 2006, after waiting a substantial amount of time to hear from Ghosh regarding the M.R.I. findings, and for the pain medication that Ghosh told Plaintiff he was prescribing for him....and not received either; Plaintiff sent Ghosh another letter inquiring whether he had received the results of the M.R.I. Test, and also informing Ghosh that he was still experiencing severe pain and has not received the pain medication. [SEE ATTACHMENTS]

28.) On August 30, 2006, Plaintiff forwared another letter to Ghosh inquiring about the results of the M.R.I.; since the previous letter went unanswered. Plaintiff, further explained that during his previous sick-call appointment, where he explained that he was bitten by a tick, that he was still experiencing back pain. Plaintiff also made Ghosh aware that he was unable to lie flat for any period of time, or walk up and down the stairs in the housing unit. [SEE ATTACHMENTS]

29.) Upon information and belief, Plaintiff diligently complained of his inability to obtain proper medical care for his ailment. In or around the month of December 2006, Plaintiff was seen by Aquinaldo on three (3) separate sick-call appointments, without receiving a resolution to his problems.

30.) Upon information and belief, on December 22, 2006, the Plaintiff sent a letter to the HCU, spontaneously requesting assistance from any of the HCU personnel, to aide him in obtaining some form of medical care or treatment regarding his back pains; but this also was to no avail. [SEE ATTACHMENTS]

8.

31.) Upon information and belief, Plaintiff contends that Aquinaldo and Ghosh were both aware of Plaintiff's on-going medical dilemma, and ignored his medical conditions, pains, and cries for help.

32.) Upon information and belief, on May 28, 2007, approximately eleven months after the M.R.I. Test, Plaintiff wrote Ghosh another letter complaining of the pain and inquiring into whether he had received the results from the M.R.I.? The Plaintiff was almost sure that the findings were positive, due to the amount of pain that he was still experiencing both before and after the M.R.I. testing. Plaintiff again received no response to his inquiry. [SEE ATTACHMENTS]

33.) Upon information and belief, on June 19, 2007, the Plaintiff, after experiencing severe headaches and bouts of dizziness, sent a letter to Ghosh describing vividly how he was beginning to feel fluid near his spine where the pain generated from. It should be noted that Ghosh was made privy to the findings of Plaintiff's M.R.I. Testing via fax mail, and failed to share the diagnosis with Plaintiff, nor did Ghosh take any action to provide Plaintiff any care for each or any of his ailments. Ghosh, having full knowledge of Plaintiff's sufferings and specifically of Plaintiff's L5-S1 herniated disk and degenerative disk disease, failed to notify Plaintiff of his M.R.I. diagnosis, nor did he provide Plaintiff treatment for his conditions. SEE ATTACHMENTS]

34.) Upon information and belief, on July 28, 2007, Plaintiff sent Williams, a physician assistant, a letter regarding his difficulties. [SEE ATTACHMENTS] Shortly thereafter, Williams placed Plaintiff on the sick-call list in the unit. During the sick-call appointment,

Plaintiff asked Williams; upon seeing her gazing through his medical file...whether there was any M.R.I. results in his records? Williams stated that there was not anything regarding the M.R.I. exam in there; that she would continue to search for the M.R.I. results and send them to Plaintiff. Plaintiff never received the results from her, nor any medical care for his conditions.

35.) Upon information and belief, after over two years since his injury and numerous complaints and requests for a "low bunk permit", Ghosh finally wrote one for six months, on June 11, 2008. Yet he failed to write a "low gallery permit", despite one being needed to prevent Plaintiff from having to painfully climb up and down five flights of stairs to get to his cell. [SEE ATTACHMENT]

36.) After well over two and a half years, on September 16, 2008, Ghosh finally told Plaintiff that he had a herniated disk [approximately 27 months after the M.R.I. exam was taken], yet Ghosh refrained from informing Plaintiff of his degenerative disk disease and still did not treat Plaintiff for his low back and leg pains.at all.

37.) Upon information and belief, on November 9, 2008, Plaintiff prepared an Emergency Grievance regarding the defendants blatant disregard of his serious medical need. [SEE ATTACHMENTS]

38.) McCann was the chief administrative officer at Stateville c.c. when Plaintiff presented his emergency grievance to McCann, making him aware of his serious medical need, and notifying him through the grievance procedure, that he was being denied medical attention and health care for his on-going severe back pains caused by a herniated disk, and that he had complained several

10.

times about his condition to Ghosh and other health care unit medical staff, and nothing was being done to relieve his sufferings.

[SEE ATTACHMENTS: Emergency Grievance, November 9, 2008; #0221.]

39.) The Plaintiff further filed two more additional amended grievances, dated November 11, 2008, and November 12, 2008; further requesting immediate medical care for his back problems and declaring that his ongoing deprival of medical care should be compensated for damages occurred. [SEE ATTACHMENTS]

40.) After becoming aware of Plaintiff's serious medical need, McCann refused to review Plaintiff's emergency grievances. [SEE ATTACHMENTS; November 9th, 11th, and 12th, 2008; blank emergency review sections. McCann not only refused to review Plaintiff's emergency grievances, but failed to respond reasonably to Plaintiff's requests for immediate emergency administrative intervention. As Warden, McCann had then the authority to have grievant/Plaintiff, interviewed and/or sent to the health care unit for a current and proper examination, but he took no such actions at all; and even further, McCann having knowledge of Plaintiff's medical needs through the filings of the emergency grievances, determined it was not an emergency and therefore did not treat the Plaintiff's situation as such; basically ignoring the Administrative Code of Corrections guidelines for emergency grievances, which in turn caused the Plaintiff to be delayed treatment and to suffer further pain by not intervening, and may have further exacerbated Plaintiff's conditions.

11.

41.) After having been denied relief through the emergency grievance process, Plaintiff took the grievances through the normal grievance process. On December 29, 2008, Zhang prepared a type-written memorandum in response to these grievances, aforementioned herein. Wherein she wrote, "Watkins had received proper care for his lower back pain"; Plaintiff contends, that this is a misstatment of the facts, and that her conclusion was taken as true, finalized any effort by Plaintiff, in his continuous attempt to obtain medical care for his back ailments, from medical personnel, and depreciated the many efforts put forth to attain medical care, including any further review by the grievance officer, Warden, and the Administrative Review Board; further causing Plaintiff to be denied/ and or delayed medical treatment, forcing him to continue to suffer and still remain in his untreated conditions. [SEE ATTACHMENTS]

42.) Upon information and belief, Plaintiff's medical records conclusively show that Zhang has never physically examined Plaintiff herself, nor has she ever verbally discussed his ailments or conditions with him, nor has she ever provided or ordered an updated examination of Plaintiff during her "review". Yet, Zhang, briefly reviewed the 06-12-06 M.R.I. results and made a medical conclusion approximately thirty months later, while ignoring all of the findings in the report, as well as Plaintiff's complaints and numerous letters begging for help, concerning his lwer back and leg pains. Ironically, Zhang failed to make any further evaluation of Plaintiff's back problems, and at the minimum; reasonably, Zhang should have made an attempt to physically examine Plaintiff's current condition at that time, before she made her medical conclusion.

43.) Upon information and belief, Plaintiff on March 6, 2009, wrote another letter to Halloran, CEO of Wexford, in hope of him intervening; whether through a subordinate or himself, in assisting Plaintiff's attempt to obtain medical care for his back pains. [SEE ATTACHMENTS]

44.) On March 9, 2009, acting Warden Shaw, concurred with Margaret Thompson and Zhang's findings in regard to Plaintiff's denial of medical care for his ongoing back pains; this was from Plaintiff's emergency grievances/grievances. Shaw had the authority to have Plaintiff interviewed and further evaluated by Medical Director, Ghosh; yet failed to dosso, further allowing Plaintiff to just sit and suffer unwanton pain without any administrative intervention, to investigate Plaintiff's current condition at that time.

45.) Upon information and belief, inmate, Ar-Raafi Nichols, from October 2008 through February 2009, was housed at Stateville Correctional Center's C-House Unit, in cell 849 with the Plaintiff. Inmate Nichols through a written affidavit, and being duly sworn and competent to testify thereto, personally witnessed Plaintiff's suffering from back pain and complaining to different "Medtechs", but was basically ignored; as well as to Warden Shaw, but later was not only denied in his grievance proceedings, but was moved up to a higher gallery. [SEE ATTACHMENTS: Nichols' affidavit in its entirety]

46.)Upon information and belief, Plaintiff timely appealed his grievances to the Administrative Review Board for review.

13.

47.) Upon information and belief, on June 9, 2009, the Administrative Review Board, denying Plaintiff's grievances, stated the following: "The office notes Dr. Zhang advised you in December 26, 2008 memorandum that an MRI examination was conducted and surgery is not indicated as a result of that examination." [SEE ATTACHMENTS]

48.) On March 8, 2010, after the completion of have Plaintiff's photograph taken [an annual procedure] at I.D. Release, here at Stateville.[SEE ATTACHMENTS] Plaintiff,upon information and belief, met Ghosh in front of the Health Care Unit, while being escorted back to his housing unit. Plaintiff asked Ghosh to assist him with the pain that he's experiencing because nothing is being done. Ghosh responded in turn, stated, "Stop complaining about your back and leg or I will have you written-up and sent to Segregation." Inmate Irving Ramey was leaving the HCU from a dental appointment and witnessed this matter. [SEE ATTACHMENTS: Attached hereto and made part of, solely for verification, is two (2) photocopies,of Plaintiff's I.D. Card/w dated issuance, and inmate Ramey's Administrative Review Board's memorandum.in support of his affidavit.]

49.) On April 24, 2010, Plaintiff sent a written message to c/o Odette [3rd shift officer] regarding the pain in his back and leg. C/o Odette wrote down Plaintiff's name, number, and cell location and assured him that he would contact the HCU to ontain a medtech, Plaintiff was never seen by a medtech. [SEE ATTACHMENTS.]

50.) Upon information and belief, Plaintiff on April 26, 2010, wrote Ghosh a letter describing his back and leg pains, requesting a back support, support mattress and a low gallery permit. [SEE ATTACHMENTS]                    14.

## COUNT I

**DEPRIVATION OF EIGHTH AMENDMENT RIGHTS UNDER 42 U.S.C. 1983
FOR DENIAL OF ADEQUATE TREATMENT FOR PLAINTIFF'S CONDITION.**

51.) Plaintiff realleges paragraphs 1 through 50, as if fully set forth herein.

52.) Plaintiff suffers from a lower Lumbar L5-S1 Herniated Disk, and Degenerative Disk Disease with Sacral Dysraphism.

53.) The failure to adequately treat a herniated disk, and degenerative disk disease, with sacral dysraphism can cause severe pain and can result in the worsening of the condition, causing difficulties in walking, lying down, and climbing stairs, and also into a top bunk; thereby, reducing or eliminating a person's ability to function.

54.) Once the herniated disk, and degenerative disk disease escalates to the point that the disk is structurally damaged, the only viable treatment is surgery. This is particularly true in cases where the disk deteriorates to the point that bone fragments are present.

55.) For over 4 years, all defendants have failed to adequately treat Plaintiff's disorder and to provide access to an orthopedic specialist capable of providing long-term relief, despite an early diagnosis of the condition. The failure to provide sufficient medication to alleviate Plaintiff's intense pains on a daily basis was objectively and sufficiently serious to constitute the denial of the minimal civilized measures of life's necessities.

15.

56.) Upon information and belief, all defendants were aware that Plaintiff suffered from a herniated disk and degenerative disk disease.

57.) Upon information and belief, all defendants were aware that Plaintiff was being denied access to a orthopedic specialist and/or medication capable of alleviating Plaintiff's pain and suffering.

58.) Upon information and belief, all defendants were aware that the unsatisfactory treatment of Plaintiff's condition would lead to increase pain and suffering, and could potentially worsen his condition.

59.) Upon information and belief, all defendants were aware that Plaintiff's herniated disk condition continued to degrade from strong pain in 2006; and that it was his initial pains and symptoms that convinced medical staff to have Plaintiff take an M.R.I. Test. Plaintiff's severe pain increased to severily in that the pains caused his inability to walk properly , lie down flat, climb stairs, and climb up into a top bunk, in 2007-2010.

60.) Upon information and belief, all defendants' dilatory actions in treating Plaintiff's condition, has led his condition to severely deteriorate.

61.) Upon information and belief, all defendants; at a minimum; acted with deliberate indifference to Plaintiff's medical needs, and treatment, by failing to provide Plaintiff adequate medical care to treat his herniated disk, over the past five years.

16.

## COUNT II

**DEPRIVATION OF EIGHTH AND FOURTEENTH AMENDMENT RIGHTS UNDER
42 U.S.C. 1983 FOR FAILURE TO PROTECT PLAINTIFF'S HEALTH AND SAFETY.**

62.) Plaintiff realleges paragraphs, 1 through 61, as if fully set forth herein.

63.) Upon information and belief, defendants, McCann and Shaw, during the time period, between 2006 through 2009, either has a policy, or alternatively adopted a custom that infringed upon the 8th and 14th Amendment rights of the Plaintiff, by: 1.) Refusing to follow Administrative Code of IDOC, grievance procedures for emergency grievances, and/or 2.) Refused to see that Plaintiff was seen by medical staff.

64.) Upon information and belief, and as alleged in paragraphs 1-62, at least defendants, McCann and Shaw, who were the Chief Administrative Officers at Stateville C.C., were dliberately indifferent to Plaintiff's serious medical needs and have subjected Plaintiff to cruel and unusual punishment and procedural due process violation of the constitution of the United States.

## COUNT III

**DEPRIVATION OF EIGHTH AMENDMENT RIGHTS UNDER 42 U.S.C. 1983
BY WEXFORD AND ITS CEO KEVIN HALLORAN FOR
DENIAL OF ADEQUATE TREATMENT OF PLAINTIFF'S MEDICAL CONDITION**

65.) Plaintiff realleges paragraphs 1 through 64, as is fully set forth herein.

66.) Upon information and belief, during the time period, between 2006 through 2011, Wexford and Kevin Halloran either had a policy,

or alternatively adopted a custom that infringed upon the Eighth
Amendment rights of the Plaintiff, by: 1.) Refusing to diagnose
or provide adequate treatment for Plaintiff's serious herniated
disk disorder, which was outside the expertise of Wexford's
and Halloran's employees, and/or 2.) Refusing to order proper
pain medication to alleviate Plaintiff's pain.

67.) Upon information and belief, and as alleged in paragraphs 1-64,
at least defendants, Ghosh, Zhang, Aquinaldo, and Halloran, who are
Wexford empolyees, have been deliberately indifferent to Plaintiff's
serious medical needs and have subjected Plaintiff to cruel and
unusual punishment in violation of the Eighth Amendment to the
constitution of the United States.

68.) Upon information and belief, the conduct of at least Wexford
employees, Ghosh, Zhang, Williams, Aquinaldo, and Halloran, have
established a deliberately indifferent custom of refusing to
diagnose or provide adequate treatment for serious medical conditions
outside their expertise, including Plaintiff's herniated disk
disorder, and/or degenerative disk disease.

69.) Upon information and belief, this custom of deliberately
indifferent conduct was sufficiently open and obvious, that the
individuals at Wexford; responsible for policy-making or oversight,
were made aware of it and/should have been aware of it.

70.) Upon information and belief, the inaction or insufficient actions
taken by Halloran and individuals at the policy-making level of
Wexford, to remedy this custom, resulted in Wexford's and Halloran's
adoption or encouragement of its employee's deliberately indifferent

18.

treatment of Plaintiff's herniated disk disorder, degenerative

disk disease, low back and leg pains.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays this honorable Court:

A.) Declare that the acts and omissions described herein violated

Plaintiff's rights under the Constitution and laws of the United

States, and

B.) Award Plaintiff compensatory and punitive damages from each

defendant in the amount of $1,000,000.00; for suffering mental

anguish, pain and suffering to my body and mind for years,

C.) Award Plaintiff injunctive relief, by providing Plaintiff

with access to specialists, providing adequate treatment and long-

term treatment for Plaintiff's degenerative disk disease, and

immediate treatment solution for Plaintiff's herniated disk disorder

and back and leg pains.

D.) Order defendants to pay reasonable attorney fees and costs and

grant any other just and equitable reliefs that this Honorable

Court deems necessary.

**Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of
perjury under the laws of the United States of America, that the
foregoing is true and correct.**

**Executed on** June 24, **2011.**

Respectfully Submitted,

_Eric Watkins_

Eric Watkins, Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ERIC WATKINS, | ) | |
| Plaintiff, | ) | **Case No. 11 C 1880** |
| | ) | |
| | ) | |
| V. | ) | **Honorable Charles P. Kocoras** |
| | ) | **Judge Presiding** |
| PARTHA GHOSH, M.D., et al. | ) | |
| | ) | |
| Defendants, | ) | **Plaintiff's First** |
| | ) | **Amended Complaint** |

**A T T A C H M E N T S**

| Paragraphs | Contents | | Page |
|---|---|---|---|
| 19 | Letter to Dr. Aquinaldo | 03/11/06 | 1 |
| 20 | Sketch of human anatomy depicting areas of pain | | 29 |
| 21 | Affidavit from cellmate Marvin Williford | | 2 |
| 22 | Plaintiff's initial grievance | 03/14/06 | 3 |
| 23 | Plaintiff's letter to Defendant Ghosh | 04/06/06 | 4 |
| 24 | Plaintiff's letter to Defendant Halloran | 04/12/06 | 5–6 |
| 25 | Medical Report – M.R.I. | 06/12/06 | 7–11 |
| 27 | Plaintiff's letter to Defendant Ghosh | 07/15/06 | 12 |
| 28 | Plaintiff's letter to Defendant Ghosh | 06/19/07 | 16 |
| 30 | Plaintiff's letter to Health Care Unit | 12/22/06 | 14 |
| 32 | Plaintiff's letter to Defendant Ghosh | 05/28/07 | 15 |
| 33 | Plaintiff's letter to Defendant Ghosh | 06/19/07 | 16 |
| 34 | Plaintiff's letter to Defendant L. Williams | 07/28/07 | 17 |
| 35 | Copy of Plaintiff's Low Bunk Permit | 06/11/08 | 18 |
| 37 | Copy of Plaintiff's Emergency Grievance | 11/09/08 | 19 |
| 38 | Copy of Plaintiff's Amended Grievance | 11/11/08 | 20 |
| 40 | Copy of Plaintiff's Amended Grievance | 11/12/08 | 22 |
| 41 | Copy of Defendant Zhang's Memorandum | 12/29/08 | 23 |
| 43 | Plaintiff's Letter to Defendant Halloran | 03/06/09 | 25 |
| 44 | Copy of Grievance Officer's response | 01/22/09 | 24 |
| 44 | Copy of Defendant Shaw's concurrance | 03/09/09 | 24 |
| 45 | Affidavit from cellmate Ar-Raafi Nichols | 04/15/11 | 34 |
| 47 | Letter from Administrative Review Board | 06/09/09 | 26 |
| 48 | Affidavit of Irving Ramey, A.R.B. letter, Plaintiff's I.D. | | 30–33 |
| 49 | Plaintiff's letter to Odette | 04/24/10 | 27 |
| 50 | Plaintiff's letter to Defendant Ghosh | 04/26/11 | 28 |

3/11/06

Dear Dr. Aguinaldo,

This is Eric Watkins, K56687 C-House 1057. I am having really bad back pains, since I got hurt in the gym.

This is my third time writing you. I can feel the pain going from my low back down my left back thigh really strong.

I put a Kite in the medical box to see you also, because I need help right away.

Thank you
Eric Watkins

(1)

)  SS.
COUNTY OF WILL )

### AFFIDAVIT

I, **MARVIN T. WILLIFORD**, BEING DULY SWORN on oath, deposes and says that he has read the foregoing affidavit by him subscribed and the facts stated herein are true and correct in substance and in fact.

In support thereof, it is stated:

1. I am presently incarcerated at Stateville Correctional Center situated in Joliet, Illinois.

2. During the month of February 2006, I was housed in Unit-C, Cell 1057. From February of 2006, up until October of 2007, I was housed in the cell with Eric Watkins.

3. During the month of February 2006, my cellmate injured his back during a recreational period and sustained alot of pain. During the time that Eric Watkins and I were cell-mates, he constantly complained of experiencing severe pain in his back. This dilemma often caused Eric to remain awake at night, unable to sleep. Furthermore, being that he was unable to walk up and down the high flights of stairs to 10 Gallery (5 flights of stairs), Eric missed going to the dining hall for lunch and dinner, and/or any activities that he would normally participate in.

4. I, Marvin T. Williford, personally observed my cellmate Eric, write alot of letters to the Health Care Unit regarding his back pain, on several occassions, I would take the letters myself and place them into the Medical Sick-Call Box located in the housing unit on the first floor; when Eric Watkins was unable to walk up and down the stairs.

5. During the month of March 2006, I had an appointment at the Health Care Unit and my cellmate gave me a letter to Dr. Ghosh. I took the letter and presented it to Dr. Ghosh in the HCU, and upon reading the letter, he told me to tell inmate Watkins that, "there's nothing wrong with his back". I relayed this message to my cellmate.

6. The above facts are given freely and voluntarily, without any threats or promises made; and if needed to testify to the above, I will do so.

### AFFIDAVIT OF AFFIRMATION UNDER PENALTY OF PERJURY

I, Marvin T. Williford, affiant, do hereby declare and affirm pursuant to **28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109,** that everything contained herein is true and correct to the best of my personal knowledge and belief.

Signed on this __16__, day of __April__, 2006.

x *Marvin T. Williford-R33963*
**MARVIN T. WILLIFORD, #R-33963**
**Stateville C.C.   P.O.BOX 112**
**Joliet, IL. 60434**

(2.)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 3/14/06 | Offender: (Please Print) Eric Watkins | ID#: K56687 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance Issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Conditions/Safty

- [ ] Disciplinary Report: ____/____/____
  Date of Report                    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I was at rec creation in the gym working out on the curl machine and the cable snapped during the middle of my lift and I fell back with the curling bar in my hands and badly injured my back and that happened last month in the gym. But my back is still in very bad pain and the pain goes down my lower back and left thigh and butt to my foot. I'm up all night with the pain and I've been writing sick call and the healthcare unit, but they still have not done nothing for me and I know I need medical attention.

**Relief Requested:** Medical assistance and treatment for the pain and to stop/recover from the injury. I need to be checked out immediately and treated. And for the gym equipment to be fixed and maintained and greased the cables and or place the damaged cones so no one else be injured.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Eric Watkins                               K56687              3/14/06
_____                  _____              _____
Offender's Signature                        ID#                  Date

(Continue on reverse side if necessary)

---

**Counselor's Response (If applicable)**

Date Received: ____/____/____

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

Print Counselor's Name          Counselor's Signature          Date of Response
                                                                ____/____/____

---

**EMERGENCY REVIEW**

Date Received: ____/____/____

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____                              ____/____/____
Chief Administrative Officer's Signature                  Date

Distribution: Master File; Offender
                                    Page 1                        DOC 0046 (Rev. 3/2005)

(3)

4/6/06

Dear Dr. Ghosh,

This is Eric Watkins K56687
C-1057.

I am writing to you because I got hurt lifting weights in the gym back in Febuary. The cable on the curl machine broke when I was doing my curl and I really hurt my back really bad. I saw Dr. Aguinaldo in house sick call last month, but he didn't take it serious. He laughed and joked mostly saying for me to give it sometime and it will be okay. Honestly, he didn't really check me out he was like in a rush.

My back really hurts. I can't even sleep in one position at night, I been staying up alot. But I can still feel a constant pain running down my back to my foot on my left side.

Could you please check me out.

Eric Watkins

(4)

To:

Wexford Health Sources, Inc.
Attn: Kevin Halloran (CEO)
381 Mansfield Ave. Suite #205
Pittsburg, Pennsylvania
15220-2751


Eric Watkins
Reg. No. K56687
Stateville C.C.
P.O. BOX 112
Joliet,IL.60434

April 12, 2006

Dear Mr. Kevin Halloran,


    I am writing to you because I am in need of medical attention and
Stateville Correctional Center's Health Care Unit's Staff aren't doing
anything for me.

    In February, earlier this year, I badly injured my lower back and
I have been begging doctors Ghosh and Agquinaldo for pain medication
for my back and left leg pains, but they have ignored all of my letters
and kites requesting medical help. I also have been asking them to check
me out, and give me tests on my back, because the pain is excruciating
and I just know I got a serious injury in my back, because the pain is
very very strong, and it limits my movements. I'm up all night. I have
not had a full nights sleep, because of the pains. I have never felt
nothing like this before. The pain shoots down my lower back, down the
back of my left thigh. Sometimes when it's really intense, I can feel
a tingling/numbing in my toes, on my left foot. I have been staying in
my cell and not going out, because they got me up on a high gallery
(1057 C-House) and going up and down a whole lot of steps hurts really
bad, climbing up flights of stairs. They won't give me a low bunk/

**(5)**

pg.1of2

low gallery permit, or crutches. I asked them for a back brace or some-
thing or anything to relieve the pains. They don't even care.

I had my family call Stateville about my condition, because they
care about me, but they still have not done a thing for me, even before
the lockdown. My family gave me your address to write and ask for
your help. My mother will be calling your

Please check into my condition and situation as soon as possible
Mr. Halloran. Thank you for your time.

sincerely,

Eric Watkins

(6)

# University of Illinois Medical Center

University of Illinois Medical Center at Chicago
Department of Radiology (MC 931)
1740 W. Taylor St., Room # 2450
Chicago, Illinois 60612-7209

Phone: (312) 996-0272
Fax:    (312) 413-8752

---

Date Sent:    06/12/06                 To:     P GOSH

                                    Fax #:   918157743834
Pages Sent:   3
                                    From:    Department of Radiology

---

*Watkin Eric*
*K 56657*

*p 64*
*6/13/06*

Results for the Radiology exam performed at the University of Illinois Medical Center

**WARNING:** Unauthorized interception of this facsimile transmission may be a violation of federal or State law.

This message is intended  only for use by the individual or entity to which it is addresses and contains privileged or confidential business information the disclosure of which may be a violation of federal or state law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is illegal and strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the address listed above via U.S. Postal Service. Thank you.

(7)

# UNIVERSITY OF ILLINOIS AT CHICAGO
## MEDICAL CENTER
### DEPARTMENT OF RADIOLOGY

**Patient's Name :** WATKINS, ERIC     **AGE@EXAM:** 29 yr    **SEX:** M
**Medical Record#:** 080340167     **BIRTHDATE:** 9/6/1976

K 5668

**Requesting Physician :** P GOSH
**Requesting Service :** PRIVATE PATIENT     **Admit Date:** 6/12/2006
**Patient Type:** OUTPATIENT     **Order Date:** 6/12/2006
    **Exam Date:** 6/12/2006 13:50.00

**Order #:** 2647647
**Reason :** DX: LOW BACK PAIN
    **Result #:** 1201030

**Procedure:** MRI LUMBAR SPINE W/O CONTRAST

PROCEDURE: MRI LUMBAR SPINE WITHOUT CONTRAST

DATE OF PROCEDURE: 6/12/2006

TIME: 1321 hours

INDICATION: 29-year-old man with low back pain.

COMPARISON: None.

TECHNIQUE: Using a 1.5 Tesla magnet and CTL coil, noncontrast multiplanar MR imaging of the lumbar spine was performed.

FINDINGS: Five lumbar-type vertebral segments are assumed.

The lumbar alignment is normal. The lumbar vertebral bodies are normal in height, but show diffusely abnormal low T1 and T2 signal characteristics indicative of diffuse marrow replacement.

L5-S1 degenerative disk disease is evident, with loss of disk height and normal high T2 signal intensity. A posterior central disk herniation at this level results in no neural compromise. The remaining intravertebral disks are normal. The neural foramina appear patent at all levels.

Sacral dysraphism is evident.

The distal spinal cord and cauda equina are normal in course, contour, and signal characteristics.

IMPRESSION:
1. Evidence of diffuse marrow replacement involving all visualized lower thoracic and lumbosacral vertebrae. This finding may be seen in the setting of chronic renal failure, chronic anemia, and immunosuppression.
2. L5-S1 posterior central disk herniation resulting in no neural compromise.

END OF REPORT

I have reviewed the images and interpretations and agree with the findings.

**Resident Radiologist :** RON GABA, MD
**Attending Radiologist :** MASOUD HEMMATI, MD
**Dictated On :** 2006/06/12 15:08:12.00     (8)

**Verified By:** MASOUD HEMMATI, MD
**Verified On:** 2006/06/12 19:42:19.0

**TRANSCRIBED:** SONYA123 06/12/2006 17:04
**RESULT ID / ADDENDUM:** 1201030/0
**PATIENT NAME:** WATKINS, ERIC

Page 1 of 2

# UNIVERSITY OF ILLINOIS AT CHICAGO
## MEDICAL CENTER
### DEPARTMENT OF RADIOLOGY

====================================================================

**Patient's Name :** WATKINS, ERIC
**Medical Record#:** 080340167

**AGE@EXAM:** 29 yr  **SEX:** M
**BIRTHDATE:** 9/6/1976

**Requesting Physician:** P GOSH
**Requesting Service:** PRIVATE PATIENT
**Patient Type:** OUTPATIENT

**Admit Date:** 6/12/2006
**Order Date:** 6/12/2006
**Exam Date:** 6/12/2006 13:50.00

**Order #:** 2647647
**Reason :** DX: LOW BACK PAIN

**Procedure:** MRI LUMBAR SPINE W/O CONTRAST

**Result #:** 1201030

K56687

====================================================================

**DICTATING PHYSICIAN:** Ron Gaba, M.D.
**ATTENDING PHYSICIAN:** Masoud Hemmati, M.D.
06/12/2006/ss

**Resident Radiologist :** RON GABA, MD
**Attending Radiologist :** MASOUD HEMMATI, MD
**Dictated On:** 2006/06/12 15:08:12.00

**Verified By:** MASOUD HEMMATI, MD
**Verified On:** 2006/06/12 19:42:19.0

**TRANSCRIBED:** SONYA123 06/
**RESULT ID / ADDENDUM:** 120
**PATIENT NAME:** WATKINS, E.

K 56687

# MRI LUMBAR SPINE W/O CONTRAST         WATKINS IV, ERIC - 80340167

\* Final Report \*

| | |
|---|---|
| Result Type: | MRI LUMBAR SPINE W/O CONTRAST |
| Result Date: | June 12, 2006 1:50 PM |
| Result Status: | Auth (Verified) |
| Result Title: | 05507486 |
| Performed By: | R60A -UNKNOWN, PERSONNEL on June 12, 2006 7:44 PM |

## \* Final Report \*

05507486

UNIVERSITY OF ILLINOIS AT CHICAGO
- MEDICAL CENTER
DEPARTMENT OF RADIOLOGY

Patient's Name: WATKINS, ERIC                 Age:29 yr
Medical Record#: 080340167                         Sex: M
                    Birthdate:
                    9/6/1976
Requesting Physician: P GOSH

Requesting Service: MRI CENTER
Order Date: 6/12/2006                 Order #: 2647647
Result #: 1201030                         Exam Date: 6/12/2006
                              Result #: 1201030
Procedure: MRI LUMBAR SPINE WITHOUT CONTRAST
Reason: DX: LOW BACK PAIN
================================================
PROCEDURE:  MRI LUMBAR SPINE WITHOUT CONTRAST

DATE OF PROCEDURE: 6/12/2006

TIME:  1321 hours

INDICATION:  29-year-old man with low back pain.

COMPARISON:  None.

TECHNIQUE: Using a 1.5 Tesla magnet and CTL coil, noncontrast
multiplanar MR imaging of the lumbar spine was performed.

FINDINGS:  Five lumbar-type vertebral segments are assumed.

The lumbar alignment is normal.  The lumbar vertebral bodies are normal
in height, but show diffusely abnormal low T1 and T2 signal
characteristics indicative of diffuse marrow replacement.

p64
7poh

| | | |
|---|---|---|
| Printed by | Rose, Barbara | |
| Printed on: | 7/20/2006 9:30 AM. | |

*KS2e87*

# MRI LUMBAR SPINE W/O CONTRAST WATKINS IV, ERIC - 80340167

L5-S1 degenerative disk disease is evident, with loss of disk height and normal high T2 signal intensity. A posterior central disk herniation at this level results in no neural compromise. The remaining intravertebral disks are normal. The neural foramina appear patent at all levels.

Sacral dysraphism is evident.

The distal spinal cord and cauda equina are normal in course, contour, and signal characteristics.

IMPRESSION:
1. Evidence of diffuse marrow replacement involving all visualized lower thoracic and lumbosacral vertebrae. This finding may be seen in the setting of chronic renal failure, chronic anemia, and immunosuppression.
2 L5-S1 posterior central disk herniation resulting in no neural compromise.

*P64
7/20/6*

END OF REPORT

I have reviewed the images and interpretations and agree with the findings.

DICTATING PHYSICIAN: Ron Gaba, M.D.
ATTENDING PHYSICIAN: Masoud Hemmati, M.D.
06/12/2006/ss

Dictated by : RON   GABA
Attending Radiologist: MASOUD .HEMMATI
Verified By: MASOUD  HEMMATI
Verified on: 2006/06/12 19:42:19.00
TRANSCRIBED: SONYA123 06/12/2006 17:04
PATIENT NAME: WATKINS, ERIC
RESULT ID/ADDENDUM: 1201030 / 0
Page 2 of 2
**** end of result ****

**Completed Action List:**
* Perform by R60A -UNKNOWN, PERSONNEL on June 12, 2006 7:44 PM

Printed by:    Rose, Barbara
Printed on:    7/20/2006 9:30 AM

(11)

7/15/06

Dear Dr. Ghosh,

Hello, This is Eric Watkins K56687 C-House 1057. I'm writing to you wanting to know if you got the outcome of my MRI I took about a month ago.

I know that you told me if there was nothing wrong or found, that I wouldn't hear nothing back because I'm okay, but my back is still hurting and I have not got the Ibuprofen yet. Please call me i'n okay.

Eric Watkins

(12)

8/30/06

Dear Dr, Ghosh,

        This is Eric Watkins K56687
G105V, I'm writing you again because
you have not let me know the results of
m x MRI test. or if they came back yet,
I wrote you last month but you never
call me in.

        I got treated last month in house
for a tick bite/insect bite but still nothing
for my back and it still hurts alot, when
I'm in different postions for a long time
or walking up steps, and I'm on 10gallery.


        still awaiting your reply,
        Eric Watkins

(13)

12/22/06

Dear Health Care

This is Eric Watkins, K56687
C-1057. I am writing you because no one
is doing anything for my back pains. I just
keep getting the run around. I keep going
to in house sick call this month, (3 times)
and they keep telling me to just put hot
towels on my back at night but it's not
doing nothing.

AND I still have not received
the results back about my MRI. Do you
have them? Am I going to be called in?
I just want to know if anything was found
or am I okay or what please?

Thank you

Eric Watkins

P.S.
I'm still looking for
Dr. Ghosh to let me know the
results, he said he would when
get them.

(14)

5/28/07

Dr, Ghosh,

This is Eric Watkins K56687, C-1057
I writing you about my back and they have
not been calling me for in house.
As you know we been on lockdown
but I still need to be seen about my back
pain. It is not as strong as last year, but
it bothers me when I sit up for a long time
or lay down to sleep for a long time. I feel
pain going down to my left foot or back
of my thigh sometimes.
I've been trying to get my results
of my MRI. I know you said you'll call
me in if there's something wrong with my
back and stuff, but it's been over a year
since I got hurt and I still have problems
with it. I try stretching and excerising
it like the med tech that comes by tells
me. I got better movement but it still
hurts. I think that there's still something
wrong with it. I just doesent feel right still.
Thank you for your time.

Eric Watkins

( 15 )

6/ 19/07

Dear Dr. Ghosh,

This is Eric Watkins K36687
C 1057.

I have been having really bad headaches and my back has been hurting more than it was. My lower back on my left side feels squishy like liquid by my spine and my left back leg has that pain again down it. And I been dizzy feeling.

I put a note in the sick box I gave it to a officer to put in there for me.

I know we've been off and on lockdowns and level 1 but I need to see a doctor.

Eric Watkins

P.S.
   Did any results from my MRI come back to you?

(16)

7/28/07

Dear Dr. Williams,

My name is Eric Watkins, KS6687, C-1057. I am writing to you because I don't know who else to write.

I have been having really bad headaches, blurry vision, dizziness and back aches. My back feels like there's liquid on the side (left) by my spine where it hurts.

I've been dealing with my back pain but these head aches are unbearable. I never been dizzy like this before. This whole lockdown I've felt dizzy with bad headaches and light sensitivity.

No else seems to care or see me. Even the med techs do come around since these lockdowns as they should. Please place me on sick call.

Thank you
Eric Watkins

(17)

Rod R. Blagojevich
Governor

**Illinois
Department of
Corrections**

Roger E. Walker Jr.
Director

Stateville Correctional Center / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607
TDD: (800) 526-0844

# MEMORANDUM

Date: 6/11/8

To: Cell House Security

From: Dr. Ghosh, MD   *PGh*
Medical Director

Subject: Special Needs Permit

Offender Name: Watkins Erik   Number: 1K56687

The above named inmate has a medical condition requiring special consideration. He has been issued a Low Bunk permit. The permit status must be re-evaluated prior to the expiration date for renewal or revocation.

This permit is good from 6/11/8 to 12/6/8.

Your cooperation in this matter is greatly appreciated.

cc: Medical Record Department
Case Work Supervisor
Inmate

(18)

## OFFENDER'S GRIEVANCE

| Date: 11-09-2008 | Offender: (Please Print) Eric Watkins | ID#: K56687 |
|---|---|---|
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify): _____

☐ Disciplinary Report: ____ / ____ / ____
    Date of Report         Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I am being continually wronged by being continually denied healthcare and treatment for a very serious injury I sustained in February 2007, where in, I badly injured my back in the gym room during recreation, while doing curls and the machine broke during my lifting. After writing several letters to Dr. Ghosh, he approved me for a M.R.I. test for my back, which I did receive in June 2007 at the U.I.C. Medical Center.

The problem is, is that I was not diagnosed or told that I had a serious medical problem / injury until September 16th 2008 this year, even though I was given a M.R.I

**Relief Requested:** Injunctive relief, treatment for my back injury, and tricep and latissimus dorsi muscle injury also as soon as possible, before the further worsen without treatment.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Eric Watkins | K56687 | 11, 09, 2008 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (If applicable)**

Date Received: ____ / ____ / ____    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

Date Received: ____ / ____ / ____    Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____    ____ / ____ / ____
Chief Administrative Officer's Signature     Date

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE** (Continued)

test in June 2007. Therefore, I was not diagnosed for 1year and 3 months (approx) about

Dr. Ghosh was my Doctor during this time, from 2007 February on. I met with him on September 16th 2008. He told me for the first time ever, that I have a lower lumbar herniated disc.

All of this time, I have gone untreated since June 2007. I never knew specifically what was wrong with my back since Feb. 2007 until Sept. 2008. I have been in pain ever since at varying degrees throughout, without treatment whatsoever for this major injury; even to date. I still have not received any treatment for it.

In fact, Dr. Ghosh told me specifically back in JUNE 2007 that if there was anything wrong with me or if something found (found by the M.R.I. test) he would call me back for that specific reason and discuss and begin treatment. That was in June 2007. By not receiving any reply back about my M.R.I test nor any treatment whatsoever for my back injury, it was as though nothing was found. I was kept unaware of the severity of my injury while I've been in constant pain for over a year and at most 5 months now. I have purposely not taken a job because of the injury.

But most importantly, I was not only kept unaware of my health problem and need, but I have gone untreated for my herniated disc problem for over a year and 5 months. And having never received any treatment for this specific injury my condition has worsened and has kept me in pain and limits me from sitting up for long periods of time, and standing for long periods of time, and doing cardio-vascular exercises like running or jogging during recreation. Having gone untreated and still constantly not being treated at all for my herniated disc. I have trouble sleeping. I'm forced to sleep on my right side every night I break my sleep sometimes because of the pain from the position.

Since Feb. 2007 through June 2007's M.R.I. even until Now, I have complained to Dr. Ghosh and even Dr. Williams about my pain. In July and August 2007 I had Dr. Williams give me a check up and check my records and M.R.I, but I received no diagnosis or treatment for my back, because I was having headaches and dizziness at the time of my injury.

Even this year in June 10 2008, I was begging for treatment of my tricep and latissimus dorsi (right side) muscles which I injured and to date, have received no treatment for even now. I even wrote a grievance back in July without reply. Therefore for all of these reasons, there is an obvious repetition and complete continual denial of health care and adequate treatment for my injuries and a deliberate indifference to my serious medical problem which U.I.C.'s M.R.I test made known but has been ignored by Dr. Ghosh since 2007. Badly affecting my back's condition.

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

| Date: Nov. 11, 2008 | Offender: (Please Print) Eric Watkins | ID#: R56687 |

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] ~~Received~~ ~~Grievance Office~~ Other (specify):

- [ ] Disciplinary Report: ___/___/___
  Date of Report

*JAN 22 2009*
Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  **Chief Administrative Officer,** only if EMERGENCY grievance.
  **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** Amended grievance for the grievance I filed dated Nov. 9, 2008. Concerning me being continually wronged and denied adequate healthcare and treatment for my lower back injury (herniated disc) which I sustained in Feb. 2007 and received a M.R.I for in June 2007. But did not Receive a diagnosis from Dr. Ghosh or Dr. Willams nor any other doctor for over one year and 3 months (approx.) until Sept. 16th 2008, by Dr. Ghosh. He finally, for the first time told me about my M.R.I test which said that I have a lower lumbar herniated disc. Eventhough He let me know about the M.R.I finding I have not received any treatment or Medical

**Relief Requested:** I am Amending my Nov. 9, 2008 grievance. relief request here Notonly do I seek injunctive relief a treatment for my back and trice and latissimo dorsi injuries now, but I also am seeking Compensation for all past to present damage;

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Eric Watkins | R56687 | 11, 11, 2008 |
| Offender's Signature | ID# | Date |

*(Continue on reverse side if necessary)*

| **Counselor's Response (if applicable)** |

Date Received: ___/___/___  [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

attention for my back injury, and I have been continually denied treatment to this day, thus continuing to be denied healthcare for my injury even though Dr. Ghosh and the healthcare dept. were made aware of my herniated disc and condition well over a year ago.

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 11-12-2008 | Committed Person: (Please Print) Eric Watkins | | ID#: K56687 |
|---|---|---|---|
| Present Facility: Stateville C.C. | | Facility where grievance issue occurred: Stateville C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☐ Staff Conduct    ☐ Dietary    ☒ Medical Treatment    ☐ Other (specify): _____
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: _____ / _____
           Date of Report          Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: This is another amendment to grievances 11/09/08 and 11/11/08, of me being continually denied Healthcare for my back injury in Feb. 2006. I'm amending and correcting the date of my injury and M.R.I. was Feb. 2006 instead of 2007 and M.R.I. test was June 2006 instead of 2007.

Relief Requested: immediate medical treatment for my herniated disk and degenerative back/disk disease and pains

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Eric Watkins _____ K56687 _____ 11,12,08
   Committed Person's Signature            ID#         Date
             (Continue on reverse side if necessary)

| Counselor's Response (if applicable) | |
|---|---|
| Date Received: ___ / ___ / ___ | ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
| Response: | |

_____ _____ ___ / ___ / ___
Print Counselor's Name      Counselor's Signature      Date of Response

| EMERGENCY REVIEW | |
|---|---|
| Date Received: ___ / ___ / ___ | Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance   ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |

_____ ___ / ___ / ___
Chief Administrative Officer's Signature      Date

( 22 )

**Illinois**
Department of
**Corrections**

Governor

Roger E. Walker Jr.
Director

Stateville Correctional Center / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607 TDD: (800) 526-0844

## MEMORANDUM

Date:       December 29, 2008

To:         Grievance Office

From:       Liping Zhang, MD

Subject:    Medical Grievance for Watkins, Eric K56687

Offender Watkins IDOC # K56687 grievance response dated 11/11/08.

The writer reviewed the offender medical records. He received proper care for his low back pain. His MRI shows no nerve compression, which means that surgery is not indicated.

LZ:jrw

Cc: File

Received
Grievance Office

JAN 2 2 2009

STA #

(23)

ILLINOIS DEPARTMENT OF CORRECTIONS
### RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
| --- |

**Date Received:** January 22, 2009    **Date of Review:** February 25, 2009    Grievance # 0221

Eric Watkins                                                                      K56687

**Nature of Grievance:** Medical Tx

**Facts Reviewed:** Grievant alleges he was finally told that he has lower lumbar herniated disc, seen from an MRI, but has received no additional treatment.

**Grievance written:** 11-11-08

**Sent to HCU:** 11-20-08

**Medical response received:** 1-22-09

Per Liping Zhang, MD: The writer reviewed the offender medical records. He received proper care for his low back pain. His MRI shows no nerve compression, which means that surgery is not indicated.

It appears that this grievance issue has been resolved.

This Grievance Officer has no medical expertise or authority to contradict the doctor's recommendation/diagnosis.

**Recommendation:** No further action necessary at this time.

Margaret Thompson                                          _Margaret Thompson_
Print Grievance Officer's Name                          Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
| --- |

**Date Received:** 3-9-09    ☒ I concur    ☐ I do not concur    ☐ Remand

**Comments:**

_[signature]_                                          3-9-09
Chief Administrative Officer's Signature                          Date

| Committed Person's Appeal To The Director |
| --- |

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Committed Person's Signature                          ID#                          Date

(24)

3/6/09

Dear Mr. Kevin Halloran,

This is Eric Watkins, K56687. I am writing to you again concerning getting help to receive treatment for my back injury.

Since 2006 I have not received medical attention or medicine for my ongoing back pains.

I only get ignored when I write Dr. Ghosh, here or file grievances to receive treatment for my herniated disc.

Can you please let me know what help you can provide me with, so that I can recover from this injury or atleast receive medicine or whatever medical attention is needed to stop the pain in my back.

The pain is in my lower back and it goes down my left thigh/hamstring, especially when I sit down for a long time or lay down to sleep.

I don't no who else to contact, so please write me back and let me know what you can do.

Thank you for your time and I pray that you can help me.

awaiting your reply again,

Eric Watkins

(25)



**Illinois**
Department of
**Corrections**

**PAT QUINN**
Governor

**MICHAEL P. RANDLE**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

June 9, 2009

Eric Watkins
Register No. K56687
Stateville Correctional Center

Dear Mr. Watkins:

This is in response to your grievance received on April 9, 2009, regarding medical (Requesting surgery 0221-0224), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

In your grievance you state you injured your back while lifting weights in February, 2007. You further state you have been requesting medical care, including surgery, since that time and have been denied surgery. You ask for the surgery you believe is necessary to treat the injury and unspecified financial compensation for what you allege is a lack of appropriate medical treatment.

The Grievance Officer's Reports and subsequent recommendation dated February 26, 2009 and approval by the Chief Administrative Officer on March 9, 2009 have been reviewed.

This office notes Dr. Zhang advised you in a December 26, 2008 memorandum that an MRI examination was conducted and surgery is not indicated as a result of that examination.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Brian Fairchild
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Michael P. Randle
Director                      7/7/09

cc:   Acting Warden Frank Shaw, Stateville Correctional Center
      Eric Watkins, Register No. K56687

(26)

TO: CO/ C. Odette

Event
Reminder:

On April 24, 2010 at approximately 3:00AM, inmate Eric Watkins K56687 C1045, spoke to you during the A.M. count time, and requested to see a doctor or a med. tech. because he was having bad backpains and stomach pains with a headache and feelings/ nasuea.

You wrote down Watkins' information and cell number and told him that "[you] I will see if I can", but Watkins was never seen by a med. tech. nor was there ever one called for him.

Eric Watkins
K56687 C1045
4/29/10

7 days to respond

(27)

Dear Dr. Ghosh,

This is Eric Watkins K56687 C1045. I am writing to you again because I am still having back pains and leg pain and nothing has been done. I am requesting treatment for it and also like a back support and bed pad/cushion and permit for low bunk. I have not yet been seen by in house eventhough I wrote them.

Eric Watkins
K56687 C1045

4-26-10

P.S. I also was not feel good with nausea/headaches on the weekend (Saturday 24th) from the smell of them stripping floor.

( 28 )



Left side

Right side

lumbar ⟶ L5

PAIN

sacarum ⟶ S1

pain radiates from
herniated disk down
the back of left
leg, mainly ⟵

sometimes, it travels
down to my left foot
with a tingling sen-
sation ⟶

(29)

STATE OF ILLINOIS  )
                   )  SS.
COUNTY OF WILL     )


# A F F I D A V I T

I, Irving Ramey, #B-00964, being first duly sworn upon my oath, without coercion, do hereby freely state and depose the following facts best on my personal knowledge:

1. On March 8, 2010, I, Irving Ramey; an inmate at Stateville Correctional Center, while returning from the Stateville Health Care Unit's Dental Care; after having been seen by dentist Dr. Fischman about concerning my dental pains, I was placed in a single inmate movement line with inmate, Eric watkins; whom I believe was returning from having his I.D. photo updated at gate 5, and was therefore placed next to me in line.

2. While placed in the single inmate movement line with Watkins; which was stalled for approximately five minutes, just outside of the Health Care Unit, right in front of it's open door preparing to head back to the four units where both of us were individually housed, (I was housed in the B-House Unit and Watkins was housed next door in the C-House Unit) I, Irving Ramey witnessed for myself, Stateville Center's Dr. Ghosh walking by and about to enter into the Health Care Unit's open door, and Eric Watkins called out to Dr. Ghosh and then asked him if he could help him with his leg and back pain because nothing's being done ...but Dr. Ghosh cut him off and told him specifically, "to stop complaining to me about your back or I'll have you written up and sent to seg.", then Dr. Ghosh stormed off into the Health Care Unit and slammed the door.

3. After I witnessed what just happened, before Watkins could respond, I immediately told him that I would be willing to be a witness on his behalf if Dr. Ghosh had him "written up"; meaning given a disciplinary ticket. Eric watkins then told me, "okay". So, as soon as I returned to my cell, I wrote down these facts I witnessed that day, just in case he needed me to come forward as a witness; but I didn't see Watkins again until March 20, 2010 when he was returning from a visit, and I was standing waiting in the

B-House, 4 gallery Chow line.

4. Eric Watkins asked me if I recalled what had happened to him the last time I saw him, and if so, to write it down, but I, Irving Ramey, have taken it upon myself to provide Eric Watkins with this Affidavit concerning the facts of what I personally witnessed almost two weeks ago on, March 8, 2010; and I am willing to testify to all that I have witnessed contained herein this two page Affidavit.

"FURTHER AFFIANT SAYETH NOT."

/s/ _Irving Ramey_
IRVING RAMEY, #B-00964
STATEVILLE C.C.
16830 S. Broadway St.
P.O. BOX 112
Joliet, IL. 60434

(Affiant)

## AFFIDAVIT OF AFFIRMATION UNDER PENALTY OF PERJURY

I, Irving Ramey, affiant, do hereby declare and affirm pursuant to 28 USC 1746, 18 USC 1621, or 735 ILCS 5/109, under penalty of perjury, that everthing contained herein is true and accurate to the best of my knowledge and belief. I further declare and affirm that the contents of this foregoing two page Affidavit are known to me and are accurate to the best of my knowledge and belief. Finally, I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is correct and true and attested to in good faith.

Signed on this _20_ day of _March_ , 2010.

/s/ _Irving Ramey_
IRVING RAMEY, #B-00964
STATEVILLE C.C.
P.O. BOX 112
16830 S. Broadway St.
Joliet, IL. 60434

(Affiant)

2 of 2  (31)



**Illinois
Department of
Corrections**

**PAT QUINN**
Governor

**MICHAEL P. RANDLE**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

August 30, 2010

Irving Ramey
Register No. B00964
Stateville Correctional Center

Dear Mr. Ramey:

This is in response to your grievance received on July 7, 2010, regarding Medical (dental staff used the wrong size suction during procedure), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

Offender Ramey states that due to the dental staff using the wrong size suction during a procedure he was choking on his own blood and saliva.

The Grievance Officer's Report (1173) and subsequent recommendation dated June 2, 2010 and approval by the Chief Administrative Officer on June 22, 2010 have been reviewed.

This office contacted Stateville Correctional Center healthcare staff indicated Offender Ramey was seen by dental on March 8, 2010. He was a no-show for his appointment on April 14, 2010. Offender Ramey's appointment for June was re-scheduled due to a lockdown and he was again a no show for August appointment. He is scheduled to be seen again in November.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied. It appears Offender Ramey received dental care for his issue. Offender Ramey has failed to attend two dental appointments in order to receive follow-up care since the procedure on March 8, 2010.

FOR THE BOARD: _Sarah Johnson_
Sarah Johnson
Administrative Review Board
Office of Inmate Issues

CONCURRED: _Michael P. Randle_
Michael P. Randle
Director
9/3/10

cc: Warden Kenneth Osborne, Stateville Correctional Center
Irving Ramey, Register No. B00964

(32)



Illinois Dept of Corrections

WATKINS, ERIC

K56687

INMATE

Front side of I.D. Card

CHRISTIAN

Card Issued At: STA    On: 3/8/2010

Back side of I.D. Card

(33)

## AFFIDAVIT

I, Ar-Raafi Nichols being first duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto.

1) My name is Ar-Raafi Nichols, B-79295. I am an inmate at stateville Correctional Center.

2) From October 2008 through February 2009, I was housed in stateville center's C-House unit in cell 849 with inmate "Eric Watkins."

3) During the time "Eric Watkins" was my cellmate, I personally witnessed him suffering from back pains, and complaining with his back problems to different "Med. Tech." that would pass by our cell, but they did nothing for him. I also witnessed "Eric Watkins" write numerous letters and grievances begging "Dr. Ghosh" and the wardens for help. In fact, because "Eric's" back pain at time would be so bad causing him not to go out for chow (lunch and/or dinner). And even sometimes not be able to get out of his bed, I would drop a few of the letters he wrote to "Dr. Ghosh" in the Med. box in our unit; But they wouldn't call him or give him passes then.

4) I also personally recall, that sometime during March of 2009, Warden "Shaw" was making his rounds through C-house's unit and that he came on our gallery (8 gallery), and my cellie, "Eric Watkins", stopped Warden Shaw when he was passing by our cell (849)... And told him about his back problem.

(34)

I remember that "Watkins" asked him if he could move him down to a lower gallery because of his back injury and pains; and WARDEN SHAW told "watkins" "okay" and for WATKINS to "write him" and "Dr. Ghosh", but right after they talked (About a week after), instead of WARDEN SHAW moving watkins to a lower gallery because of his back pain; as he said he would, he had "WATKINS" moved even higher upstairs to 10.57 on 10 gallery in C-House.

    5) The above Statements I have made are true and correct and verifible, And I'll be willing to testify to such in court if need be....

_____
           AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 15th DAY April , 20 11

_____
NOTARY PUBLIC


DAVID MANSFIELD
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
October 26, 2014

(35)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN OF ILLINOIS
EASTERN DIVISION

ERIC WATKINS,                          )

                Plaintiff,        )    Case No. 11 C 1880

                             )

                             )    Honorable Charles P. Kocoras

                             )    Judge Presiding

        V.                              )

                             )

PARTHA GHOSH, M.D., et al.,            )

                             )

                Defendant.        )

CERTIFICATE OF SERVICE

NOTICE OF FILING AND PROOF OF SERVICE

To:  Michael W. Dobbins, Clerk of the District Court

     Prisoner Correspondence
     219 South Dearborn Street
     Chicago, IL. 60604

To:  Matthew M. Smith

     Assistant Attorney General
     General Law Bureau
     100 West Randolph Street, 13th Fl.
     Chicago, Illinois 60601

To:  Michael John Charysh
     John J. Beribak
     Charysh & Schroeder Ltd.

     33 N. Dearborn St., Ste. 1300
     Chicago, IL. 60602

**PLEASE TAKE NOTICE** that on June 24, 2011, I placed in the State-
ville Correctional Center internal mailing system a copy of a motion
seeking leave to file An Amended Complaint under Rule 15(a) in case
no. 11 C 1880; which will be filed before Judge Kocoras. I, Eric
Watkins, hereby certify that a copy of this motion was sent to
Michael W. Dobbins, Clerk of the District, Matthew M. Smith Assistant
Attorney General, and Michael John Charysh and John J. Beribak.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that
the foregoing is true and correct, and that I have personally signed
this document. Executed on June 24, 2011.

                                           Eric Watkins
                                       Eric Watkins, Plaintiff