UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11 C 1880 |
| | ) | |
| PARTHA GHOSH, M.D. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Defendant Wexford Health Sources, Inc. ("Wexford") for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) barring Plaintiff Eric Watkins ("Watkins"), his attorney, and any of Watkins's expert witnesses from publicly disclosing various internal operating documents of Wexford. For the reasons set forth below, the motion for protective order is granted.

Watkins is an inmate at the Stateville Correctional Center ("Stateville"). In February 2006, he sustained injuries that occurred when a piece of gym equipment fell on him. Watkins suffered a herniated disk and has developed a degenerative disk disease as well as sacral dysraphism.

Watkins brought suit against several defendants for deficient medical treatment in violation of 42 U.S.C. § 1983 and the constitutional provision against cruel and unusual punishment. *See* U.S. Const. Amend. VIII. Watkins alleges that Wexford, who employs the medical defendants, has a policy of understaffing Stateville to prevent prisoners from receiving adequate medical treatment. Watkins also alleges that Wexford lacks competent medical personnel to treat his illness. Watkins finally contends that the policymakers at Wexford are aware of the effects of these deficiencies but have failed to remedy them. Watkins has sought the production of Wexford's internal policies, procedures, practices, and/or guidelines for medical treatment to inmates within the Illinois Department of Corrections. Wexford does not object to disclosing these documents but wishes to restrict their dissemination so that the documents do not become publicly available.

This Court may, for good cause, issue an order forbidding or limiting discovery to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). Wexford has submitted an affidavit from Joseph Ebbitt ("Ebbitt"), the Director of Risk Management. Ebbitt states that public disclosure of these internal materials would disadvantage Wexford economically because Wexford's competitors would be able to access the information contained therein that is unique to Wexford. Hence, Wexford contends, the materials constitute trade secrets. Wexford also argues that the materials are privileged pursuant to the Illinois Medical Studies Act ("IMSA"), 735 Ill. Comp. Stat. Ann. 5/8-2101, et seq.

The Court need not address the applicability of the IMSA, for Ebbitt's affidavit is sufficient to persuade the Court that the disclosure of these materials would render competitors able to use them to disadvantage Wexford economically. Also, several other courts in this district have granted similar protective orders in suits involving Wexford. *See Phillips v. Wexford Health Sources, Inc.*, No. 11-cv-2701 (N.D. Ill. Jul. 25, 2012) (Kim, M.J.); *King v. Chapman, M.D. et al.*, No. 09-cv-1184 (N.D. Ill. Nov. 28, 2011) (Schenkier, M.J.); *Cumbee v. Ghosh, M.D. et al.*, No. 11-cv-3511 (N.D. Ill. Jul. 6, 2012) (Tharp, J.); *Hardy v. McCann et al.*, No. 07-cv-6723 (N.D. Ill. May 12, 2009) (Kennelly, J.); *Lippert v. Godinez et al.*, No. 10-cv-4603 (N.D. Ill. Apr. 11, 2012) (Castillo, J.). For the foregoing reasons, Wexford's motion for protective order is granted.

Charles P. Kocoras
United States District Judge

Dated:  May 3, 2013  .

3