UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11 C 1880 |
| | ) | |
| PARTHA GHOSH MD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Plaintiff Eric Watkins's ("Watkins") motion for sanctions against Defendant Wexford Health Sources, Inc. ("Wexford"). Additionally Defendant Doctor Evaristo Aguinaldo's ("Dr. Aguinaldo") moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Watkins's motion is denied and Dr. Aguinaldo's motion is granted.

## BACKGROUND

Watkins is an Illinois state prisoner, confined at the Stateville Correctional Center ("Stateville") at all times relevant to this action. Dr. Aguinaldo was a staff physician at Stateville in 2006, but retired from the prison on an unspecified date.

In February 2006, Watkins was using gym equipment to lift weights when a cable snapped causing the machines weights to drop to the floor with such force that Watkins fell backwards, injuring his back. On June 30, 2011, Watkins filed an

amended complaint alleging inadequate medical treatment and deliberate indifference to his back injury in violation of 42 U.S.C. § 1983.  Watkins's amended complaint indicated that between February 16, 2006 and March 11, 2006 he was seen by Dr. Aguinaldo and wrote several letters to him.

On November 28, 2011, this Court dismissed Dr. Aguinaldo as a defendant due to Watkins's failure to name Dr. Aguinaldo in any grievance concerning his medical care.  The Court determined that Watkins was aware of Dr. Aguinaldo's identity prior to filing his grievances but failed to name him in his grievances.  Watkins additionally did not offer any explanation for Dr. Aguinaldo's omission.

Seeking to cure his failure to exhaust his administrative remedies concerning Dr. Aguinaldo, Watkins filed a second set of grievances in October 2012 with the Illinois Department of Correction ("IDOC") which named Dr. Aguinaldo as the perpetrator of substandard medical treatment related to the February 2006 gym accident injury.

On March 12, 2013, Watkins, now represented by counsel, filed a second amended complaint renaming Dr. Aguinaldo as a defendant and realleging his allegations concerning the quality of the medical care provided by Dr. Aguinaldo.  On May 20, 2013, Dr. Aguinaldo filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a motion to dismiss, the court accepts as true all the factual allegations pled in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Id*. Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, the allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo*, 526 F.3d at 1084 (emphasis in original).

## DISCUSSION

### I. Watkins's Motion for Sanctions against Wexford

As a preliminary matter Watkins moves for sanctions against Wexford and requests that fees be imposed. Watkins asserts that he should be reimbursed for the expenses he incurred in filing the instant motion for sanctions concerning Wexford's noncompliance with discovery requests. On February 21, 2013, Wexford produced a 152-page copy of its Contract for Services with the State of Illinois ("Contract"). Pursuant to an agreed protective order that both parties agreed on the Contract was to

be produced in an unredacted form. However, the Contract which Wexford ultimately turned over had two sections which were redacted, due to its use as discovery in an unrelated case. Instead of contacting Wexford and informing them of their error, Watkins moved for sanctions.

In seeking a courts intervention in discovery disputes between parties, Federal Rule of Civil Procedure 37(d) requires a simple statement that the movant has conferred in good faith with its opponent. Northern District of Illinois Local Rule 37.2 requires the movant to submit a statement that after consultation and after good faith attempts to resolve discovery differences they are not able to reach an agreement about the production of discovery. Watkins failed to make any good faith attempts to resolve this dispute. Compounding the problem Watkins immediately filed the instant motion for sanctions to resolve an issue that may have been resolved with a simple phone call to opposing counsel. Accordingly Watkins's motion for sanctions is denied.

## II. Dr. Aguinaldo's Motion to Dismiss

Dr. Aguinaldo maintains that Watkins's October 2012 grievance was not timely filed and Watkins has still failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1996 ("PLRA") contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); *see also Jones v. Bock*, 549 U.S.

199, 204 (2007). In order to satisfy the PLRA's exhaustion requirement, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). An inmate must comply with the rules established by the State with respect to the form, timeliness, and content of grievances. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). If a prisoner fails to properly avail himself of the prison's grievance process, he may lose his right to sue. *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). Prisoner grievances submitted in Illinois must be filed within sixty days of the incident giving rise to the complaint, but the IDOC Administrative Review Board ("ARB") may review untimely grievances which include an explanation of good cause for the untimeliness. Ill. Admin. Code § 504.810(a).

Watkins argues that the sixty day filing requirement is not applicable and his secondary prison grievances filed on October 2012 should be deemed timely because the grievances were not resolved exclusively on the basis of its timeliness. To support his assertion Watkins principally relies on the Seventh Circuit's determination that "a procedural shortcoming like failing to follow the prison's time deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2009) (*quoting Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005)). Watkins asserts that his October 2012 grievances mentioning Dr. Aguinaldo's conduct in relation to his February 2006 injury was not explicitly dismissed by the ARB based on its untimeliness. Watkins's reliance on the

ruling of the ARB, concerning the resolution of the grievances not based on timeliness, is misplaced. In cases that the Seventh Circuit has deemed a prisoner's untimely grievances as sufficiently exhausted for the purposes of the PLRA's exhaustion requirement, all grievances were filed and resolved on their merits prior to the prisoners instituting a lawsuit. *Maddox*, 655 F.3d at 721 ("[B]efore this suit, Maddox's compliance with the grievance process was never in question. Maddox's grievance was rejected on the merits at every stage of the review without any indication from prison officials that it was procedurally deficient."); *Conyers*, 416 F.3d at 585 (prior to the institution of suit prisoners grievances rejected on their merits without regard to their untimeliness); *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) (prisoner submitted grievances to prison administration before his lawsuit was instituted). In the case at bar, Watkins retroactively filed grievances during the course of this litigation which attempted to usurp the PLRA procedures for filing grievances in an effort to have Dr. Aguinaldo included in the current case. Administrative exhaustion after a lawsuit is already on file violates the PLRA. Exhaustion is a "precondition" to filing suit; therefore, a prisoner's attempt to exhaust available administrative remedies in the midst of litigation does not satisfy the PLRA. *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). Watkins's attempt to meet the exhaustion requirement after filing suit does not benefit him.

Watkins cannot escape the fact that his efforts to pursue the administrative exhaustion process against Dr. Aguinaldo are untimely. Attached to Watkins's

second amended complaint are four prison grievances referring to Dr. Aguinaldo's involvement in the alleged denial of medical care. Although the grievances bear dates ranging from July 2008 through June 2011, all are file-stamped October 16, 2012, sixteen months to over four years after the dates of the incidents described in those grievances (and almost a year after the court dismissed Dr. Aguinaldo on grounds of non-exhaustion).

The rejected grievances are insufficient to satisfy the PLRA's exhaustion requirement. "[A] procedural shortcoming like failing to follow the prison's time deadlines amounts to a failure to exhaust ... if prison administrators explicitly relied on that shortcoming." *Ford*, 362 F.3d at 397-98. Not surprisingly, the ARB refused to consider Watkins's amended grievances refiled in October 2012, which include Dr. Aguinaldo. Ill. Admin. Code § 504.810(a) ("A grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance"). Watkins's tardy and half-hearted attempt to exhaust his administrative remedies does not provide a basis for reinstating his claims against Dr. Aguinaldo.

## CONCLUSION

For the foregoing reasons, Watkins's motion for sanctions is denied and Dr. Aguinaldo's motion to dismiss is granted.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: July 9, 2013